UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAYCOL PRODUCTS LITIGATION

MDL No. 1431
(MJD)

ORDER

This Document also relates to:

Mary A. Smith v. Bayer Corporation et al., Case No. 02-138

---

Hugo N. Gerstl, Law Offices of Hugo N. Gerstl and Associates, for and on behalf of Plaintiff.

Peter Sipkins, Dorsey & Whitney, Philip S. Beck, Ada L. Hoeflich and Tarek Ismail, Barlit Beck Herman Palenchar & Scott, Susan A. Weber and Sara J. Gourley, Sidley Austin Brown & Wood and Richard K. Dandrea, Eckert Seamens Cherin & Mellott, LLC, for and on behalf of Bayer Corporation.

---

This matter is before the Court upon Plaintiff Smith's request for certification under 28 U.S.C. § 1292(b) of this Court's Order dated May 24, 2002 denying her motion to remand.

Initially, the Court will address Plaintiff's inquiry as to which circuit court of appeals should address this matter. This specific issue was addressed in FMC Corporation v. Glouster Engineering Co., 830 F.2d 770 (7th Cir. 1987). The Seventh Circuit determined that the court of appeals covering the transferee court has jurisdiction over appeals from orders of district courts to which a case had been transferred under the multidistrict statute, 28 U.S.C. § 1407, recognizing that this rule promotes consistency and certainty. Id. at 771-772. This Court finds the reasoning set forth in FMC Corporation to be persuasive, and believes Plaintiff's request for certification is



FILED MAY 3 [illegible]
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

appropriately addressed to the Eighth Circuit Court of Appeals.

Title 28 U.S.C. § 1292(b) provides that a district court may include in an order its opinion that the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may material advance the ultimate termination of the litigation". The Eighth Circuit has further noted that requests for certification under section 1292(b) are reserved for "exceptional cases where a decision on appeal may avoid protracted and expensive litigation." White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994).

Plaintiff identifies the grounds of appeal and error as: 1) the Court erroneously failed to recognize in its decision that Plaintiff filed a First Amended Complaint in state court prior to receiving notice of removal; 2) the Court erroneously ruled that removal was complete at the time it was filed in federal court; 3) the Court erroneously ruled that Plaintiff amended her Complaint in an attempt to divest the federal court of diversity jurisdiction; 4) the Court erroneously relied on the original Complaint in determining the remand motion; and finally 5) the Court erroneously ruled that Longs Drug was not required to consent to removal.

The Court finds, however, that none of grounds for appeal identified above involves a controlling issue of law to which there is substantial ground for difference of opinion. Rather, such grounds either raise factual disputes, or address questions of law to which Plaintiff has not cited any contrary authority.

Because the Court finds that Plaintiff has failed to establish the statutory requirements for certification under section 1292(b),

IT IS HEREBY ORDERED that Plaintiff Mary Smith's Request for Certification Under 28 U.S.C. § 1292(b) is DENIED.

Date: May 31, 2002

M. Michael J. Davis

Michael J. Davis
United States District Court